## Stegmaier *v.* Keystone Coal Company, Appellant.

*Corporations—Mortgages—Trustees — Death — Appointment of successor—Act of June 16, 1836, P. L. 784.*

Where the trustee of a corporation mortgage died without having performed any active duties, although the mortgage contained no provision for the appointment of a successor, the lower court properly appointed a successor to the trustee, upon the petition of the holders of overdue and unpaid mortgage bonds, in order that

steps might be taken to foreclose the mortgage and enforce payment of the bonds.

Argued April 12, 1916. Appeal, No. 106, Jan. T., 1916, by Victoria Schmitt, Executrix of the estate of John A. Schmitt, deceased, intervening defendant, from decree of C. P. Luzerne Co., Oct. T., 1909, No. 10, in equity, appointing a trustee in case of C. E. Stegmaier and Louise S. Forve, Executors of Charles Stegmaier, deceased, and H. E. Meeker v. Keystone Coal Company and Victoria Schmitt, Executrix, Intervenor. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for the appointment of a trustee. Before O'BOYLE, J.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for. Victoria Schmitt, executrix of the estate of John A. Schmitt, deceased, appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge and the decree of the court.

*Edmund G. Butler,* with him *F. W. Wheaton* and *P. F. O'Neill,* for appellant.

*William S. McLean, Jr.,* with him *William S. McLean* and *George R. McLean,* for appellee.

PER CURIAM, May 23, 1916:

It appears from the record in this case, that the trustee named in a corporation mortgage died, having performed no active duties. The mortgage contained no provision for the appointment of a successor, but upon petition of the holders in pledge of overdue and unpaid mortgage bonds, the chancellor was clearly right in appointing,

pursuant to the provisions of the Act of June 16, 1836, P. L. 784, a successor to the trustee, in order that proper steps may be taken to foreclose the mortgage, and enforce payment of the bonds.

The assignments of error are all overruled, the order of the court below is affirmed, and this appeal is dismissed at the cost of appellant.